**ORDERED in the Southern District of Florida on January 14, 2025.**

Peter D. Russin, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In Re:

| | |
|---|---|
| MIRROR TRADING INTERNATIONAL (PTY) LTD,<br>Debtor in a Foreign Proceeding | Case No.: 23−11046−PDR<br><br>Chapter 15 |
| ___/ | |
| CHAVONNES BADENHORST ST CLAIR COOPER, in his capacity as the Foreign Representative of Mirror Trading International (PTY) Ltd,<br>Plaintiff, | Adv. Pro. No.: 24-01088−PDR |
| v. | |
| NATHAN BOEGER,<br>Defendant. | |
| ___/ | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT BY THE COURT AGAINST DEFENDANT, NOTICE OF DROPPING/DISMISSAL OF COUNT(S) AND ATTORNEYS' FEE CLAIM, AND REQUEST FOR JUDICIAL NOTICE PERTAINING TO VALUE OF BITCOIN**

This Adversary Proceeding came on for hearing on January 7, 2025 at 10 A.M. (the "Hearing"), on the Motion for Default Final Judgment by the Court Against Defendant, Notice of Dropping/Dismissal of Count(s) and Attorneys' Fee Claim, and Request for Judicial Notice Pertaining to Value of Bitcoin (the "Motion") (D.E. 12) filed by Chavonnes Badenhorst St Clair Cooper (the "Liquidator") as one of the duly appointed liquidators of the bankruptcy estate of Mirror Trading International (PTY) Ltd ("MTI") and the acknowledged foreign representative in this case (the "Foreign Representative" or "Plaintiff"), seeking entry of a default final judgment against the Defendant, NATHAN BOEGER ("Defendant"). The Court acknowledges that the Clerk of the Court has entered a default in this action because of Defendant's failure to plead or otherwise defend against the Amended Complaint.

The Court has reviewed the Motion, the Amended Complaint and its exhibits, the Declaration of Gregory S. Grossman, Esq. in Support of Plaintiff's Motion for Default Judgment ("Declaration") (D.E. 13), the Clerk's Entry of Default (D.E. 10), and the record in this matter. Accordingly, for the reasons stated and recorded in open court at the Hearing, it is Ordered and Adjudged that:

1. The Motion is granted.

2. The record in this adversary proceeding reflects service on the Defendant of the Summons, the Amended Adversary Complaint, the Default, the Motion, and the notice of hearing of the Motion.

3. The Amended Complaint is sufficiently well-pleaded, establishing liability through the entry of default. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

4. The Court takes note of and accepts the dismissal of Count Three of the Amended Complaint.

5. The Court takes note of and accepts the dismissal of the claim for attorneys' fees in the Amended Complaint.

6. Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the price of bitcoin (in United States Dollars) based upon the daily publications of such price by The Wall Street Journal as requested in the Motion.

7. Specifically, the Court takes judicial notice of the following prices of bitcoin:

a. As published by The Wall Street Journal, the highest price of bitcoin in 2020 was USD $29,303.

b. As published by The Wall Street Journal, the price of bitcoin, as of 11:11 a.m. on the date of the Hearing, is USD $ 97,841.

c. As published by The Wall Street Journal, the price of bitcoin as of the day of Hearing is higher than the price of bitcoin during all of calendar year 2020.

8. Pursuant to Fed.R.Civ.Proc 58 incorporated into this Adversary Proceeding through Fed.R.Bankr.Proc. 7058, the Court will enter a separate final judgment.

###

Submitted by:
Gregory S. Grossman, Esq.
Maria J. Cortesi, Esq.
SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail: ggrossman@sequorlaw.com
mcortesi@sequorlaw.com

*(Attorney Grossman is directed to serve a copy of this order upon all interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order)*