UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In Re: Chapter 15

MIRROR TRADING INTERNATIONAL (PTY) LTD, Case No.: 23−11046−PDR

Debtor in a Foreign Proceeding
_____________________________________/

CHAVONNES BADENHORST ST CLAIR COOPER, in his capacity as the Foreign Representative of Mirror Trading International (PTY) Ltd, Adv. Pro. No. 24-01088 (PDR)

Plaintiff,

v.

NATHAN BOEGER,

Defendant.
_____________________________________/

**MOTION FOR POST-JUDGMENT WRIT OF GARNISHMENT**

Pursuant to Federal Rule of Bankruptcy Procedure 7069 and Local Rule 7069-1, Plaintiff moves for issuance of a Writ of Garnishment against GEMINI TRUST COMPANY LLC (d/b/a "Gemini"). ("Garnishee) and states as follows:

1. Plaintiff holds a final judgment against the above-captioned defendant in the original amount of $2,869,028.00 (the "Judgment") which remains unpaid. The Judgment has accrued, and continues to accrue, interest at the applicable federal judgment rate since its entry.

2. Because this district is in the State of Florida, Florida law applies in executing on the Judgment and in garnishment proceedings. *See* Fed.R.Bankr.Proc. 7069; Fed.R.Civ.Proc. 69, and Fla. Stat. §77.01 *et seq*. Florida law provides that "[e]very person or entity who has …

recovered judgment in any court against any person or entity has a right to a writ of garnishment . . ..” Fla. Stat. § 77.01.

WHEREFORE, Plaintiff respectfully requests that (a) the Clerk issue a post-judgment writ of garnishment to Garnishee substantially in the form attached as **Exhibit “A”** hereto (which form includes a copy of the Local Form “Notice Pursuant to Florida Statute 77.041 to Defendant of Right Against Garnishment of Wages, Money, and Other Property” and the “Claim of Exemption and Request for Hearing”) and (b) the Court issue such other and further relief as is just and proper.

Date: June 17, 2025

Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202

By: *_/s/ Maria Jose Cortesi_*
Gregory S. Grossman
Florida Bar No. 896667
ggrossman@sequorlaw.com
Maria Jose Cortesi
Florida Bar No. 1024946
mcortesi@sequorlaw.com

# *EXHIBIT "A"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE
www.flsb.uscourts.gov

In re:

MIRROR TRADING INTERNATIONAL (PTY) LTD,

Debtor in a Foreign Proceeding.
_______________________________/

Chapter 15

Case No.: 23-11046-PDR

CHAVONNES BADENHORST ST CLAIR COOPER, in his capacity as the Foreign Representative of Mirror Trading International (PTY) Ltd,

Plaintiff,

v.

NATHAN BOEGER,

Defendant.
_______________________________/

Adv. Pro. No.: 24−01088−PDR

**POST-JUDGMENT WRIT OF GARNISHMENT**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to summon the garnishee GEMINI TRUST COMPANY LLC (d/b/a "GEMINI"). ("Garnishee") to serve an answer to this Post-Judgment Writ of Garnishment (the "Writ") on Gregory S. Grossman or Maria Jose Cortesi, whose address is Sequor Law, P.A., 1111 Brickell Avenue, Suite 1250, Miami, Florida 33131, (305) 372-8282 (ggrossman@sequorlaw.com or mcortesi@sequorlaw.com) within 20 days after service on the Garnishee, exclusive of the day of service, and to file the original with the clerk of the Court either before service on the attorney or immediately thereafter, stating whether the Garnishee is indebted

to defendant NATHAN BOEGER, at the time of the answer or was indebted at the time of service of the Writ, or at any time between such times, and in what sum and what tangible and intangible personal property of defendant the Garnishee is in possession or control of at the time of the answer or had at the time of service of the Writ, or at any time between such times; and whether the Garnishee knows of any other person indebted to defendant, or who may be in possession or control of any of the property of defendant. The amount set forth in Plaintiff's motion is $2,869,028.00.

By: ____________________
Deputy Clerk

____________________
Date

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF FLORIDA**

www.flsb.uscourts.gov

## NOTICE TO DEFENDANT OF RIGHT AGAINST GARNISHMENT OF WAGES, MONEY AND OTHER PROPERTY

This notice is provided pursuant to Florida Statute 77.041 in accordance with Local Rule 7069-1(D).

The Writ of Garnishment delivered to you with this Notice means that wages, money, and other property belonging to you have been garnished to pay a court judgment against you.

**HOWEVER, YOU MAY BE ABLE TO KEEP OR RECOVER YOUR WAGES, MONEY, OR PROPERTY. READ THIS NOTICE CAREFULLY.**

State and federal laws provide that certain wages, money, and property, even if deposited in a bank, savings and loan, or credit union, may not be taken to pay certain types of court judgments. Such wages, money, and property are exempt from garnishment. The major exemptions are listed below on the form for Claim of Exemption and Request for Hearing. This list does not include all possible exemptions. You should consult a lawyer for specific advice.

**If an exemption from garnishment applies to you and you want to keep your wages, money, and other property from being garnished, or to recover anything already taken, you must complete a form for claim of exemption and request for hearing as set forth below and have the form notarized. If you have a valid exemption, you must file the form with the clerk's office within 20 days after the date you receive this notice or you may lose important rights. You must also mail or deliver a copy of this form to the plaintiff or the plaintiff's attorney and the garnishee or the garnishee's attorney at the addresses listed on the writ of garnishment. Note that the form requires you to complete a certification that you mailed or hand delivered copies to the plaintiff or the plaintiff's attorney and the garnishee or the garnishee's attorney.**

If you request a hearing, it will be held as soon as possible after your request is received by the court. The plaintiff or the plaintiff's attorney must file any objection within 8 business days if you hand delivered to the plaintiff or the plaintiff's attorney a copy of the form for Claim of Exemption and Request for Hearing or, alternatively, 14 business days if you mailed a copy of the form for claim and request to the plaintiff or the plaintiff's attorney. If the plaintiff or the plaintiff's attorney files an objection to your Claim of Exemption and Request for Hearing, the clerk will notify you and the other parties of the time and date of the hearing. You may attend the hearing with or without an attorney. If the plaintiff or the plaintiff's attorney fails to file an objection, no hearing is required, the writ of garnishment will be dissolved and your wages, money, or property will be released.

**If you have a valid exemption, you should file the form for claim of exemption immediately to keep your wages, money, or property from being applied to the court judgment. The clerk cannot give you legal advice. If you need legal assistance you should see a lawyer. If you cannot afford a private lawyer, legal services may be available. Contact your local bar association or ask the clerk's office about any legal services program in your area**.

**Clerk of Court**

(SEE REVERSE FOR SERVICE REQUIREMENT)

**PLAINTIFF'S SERVICE REQUIREMENTS:** The plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, a copy of this court's Local Form "Notice to Defendant of Right Against Garnishment of Wages, Money and Other Property" to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later. However, if such documents are returned as undeliverable by the post office, or if the last known address is not discoverable after diligent search, the plaintiff must mail, by first class, the documents to the defendant at the defendant's place of employment. The plaintiff shall file in the proceeding a certificate of such service.

Upon the filing by a defendant of the "Claim of Exemption and Request for Hearing", a hearing will be held as soon as is practicable to determine the validity of the claimed exceptions. If the plaintiff or the plaintiff's attorney does not file a sworn written statement that answers the defendant's claim of exemption within 8 business days after hand delivery of the claim and request or, alternatively, 14 business days, if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.

**<u>Local Rule 7069-1(D) Writ of Garnishment</u>. Writs of garnishments shall be issued in accordance with Florida law.*

*(1) Issuance of Writ. Required Notice To Garnishee. The party seeking issuance of a writ of garnishment shall file a motion accompanied by a prepared writ, a certified copy of the judgment, and any bill of costs entered. If the writ is issued against an individual, the clerk shall attach to the writ a copy of the Local Form "Notice Pursuant to Florida Statute §77.041 to Defendant of Right Against Garnishment of Wages, Money and Other Property" with attached "Claim of Exemption and Request for Hearing" (with the caption of the case filled in on the form "Claim of Exemption and Request for Hearing"). The following notice must accompany service of the writ:* ***"Under Florida Statute 77.28, upon issuance of any writ of garnishment, the party applying for it shall pay $100 to the garnishee on the garnishee's demand at any time after the service of the writ for the payment or part payment of his or her attorney fee which the garnishee expends or agrees to expend in obtaining representation in response to the writ."*** *In addition to service of other garnishment papers, a copy of this rule shall be served on the defendant. If the writ is being sought pursuant to Florida Statute §77.0305 (continuing writ of garnishment against salary or wages) or Florida Statute §77.031 (issuance of writ before judgment), the filing of the writ must be accompanied by a motion and a proposed order.*

*(2) Objection to Claim of Exemption. An objection to a defendant's "Claim of Exemption and Request for Hearing" shall be set for hearing in accordance with Local Rule 9073-1.*

*(3) Dissolution of Writ by Clerk. The clerk shall automatically dissolve the writ and notify the parties of the dissolution by mail upon failure of the plaintiff to timely contest the defendant's claim of exemption.*

*(4) Deadlines. Absent further order of the court, the procedures and deadlines set forth in* Florida Statute §77.041, shall apply to writs of garnishments issued in this court.

# UNITED STATES BANKRUPTCY COURT
## Southern District of Florida

In re:

MIRROR TRADING INTERNATIONAL (PTY) LTD,

Debtor in a Foreign Proceeding.
_________________________________/

Chapter 15

Case No.: 23-11046-PDR

CHAVONNES BADENHORST ST CLAIR COOPER, in his capacity as the Foreign Representative of Mirror Trading International (PTY) Ltd,

Plaintiff,

Adv. Pro. No.: 24–01088–PDR

v.

NATHAN BOEGER,

Defendant.
_________________________________/

GEMINI TRUST COMPANY LLC D/B/A GEMINI,

Garnishee.
_________________________________/

## CLAIM OF EXEMPTION AND REQUEST FOR HEARING

**I claim exemptions from garnishment under the following categories as checked:**

☐ 1. Head of family wages. (Check either a. or b. below, if applicable.)

☐ a. I provide more than one-half of the support for a child or other dependent and have net earnings of $750 or less per week.

☐ b. I provide more than one-half of the support for a child or other dependent, have net earnings of more than $750 per week, but have not agreed in writing to have my wages garnished.

☐ 2. Social Security benefits.

☐ 3. Supplemental Security Income benefits.

☐ 4. Public assistance (welfare).

☐ 5. Workers' Compensation.

☐ 6. Reemployment assistance or unemployment compensation.

☐ 7. Veterans' benefits.

☐ 8. Retirement or profit-sharing benefits or pension money.

☐ 9. Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract.

☐ 10. Disability income benefits.

☐ 11. Prepaid College Trust Fund or Medical Savings Account.

☐ 12. Other exemptions as provided by law. ______________________________(explain)

I request a hearing to decide the validity of my claim. Notice of the hearing should be given to me at:

Address: ______________________________________________________________________________________

Telephone number: _____________________________________________________________________________

**I CERTIFY UNDER OATH AND PENALTY OF PERJURY that a copy of this CLAIM OF EXEMPTION AND REQUEST FOR HEARING** has been furnished by (circle one)United States mail or hand delivery on (insert date) , to: (insert names and addresses of Plaintiff or Plaintiff's attorney and of Garnishee or Garnishee's attorney to whom this document was furnished).

**I FURTHER CERTIFY UNDER OATH AND PENALTY OF PERJURY** that the statements made in this request are true to the best of my knowledge and belief.

______________________________________________ ______________________________________

Defendant's signature Date

**STATE OF FLORIDA**

**COUNTY OF** _______________________________

**Sworn and subscribed to before me this** _________ **day of** ________________________ (month and year),

**By** ________________________________________________________ (name of person making statement).

**Notary Public/Deputy Clerk**

☐ Personally Known

OR

☐ Produced Identification

Type of Identification Produced: ______________________________________________________________